IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARDY KEOLAMA AH PUCK, JR., <br><br> Plaintiff, <br><br> vs. <br><br> LAHAINA DISTRICT COURT JUDGES; UNITED STATES COURT OF FEDERAL CLAIMS; INTERNAL REVENUE SERVICE, <br><br> Defendants. | CIVIL NO. 20-00566 JAO-WRP <br><br> ORDER DISMISSING ACTION |

ORDER DISMISSING ACTION

Before the Court is pro se Plaintiff Hardy Keolama Ah Puck, Jr.'s ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or "Application") filed on December 21, 2020. For the following reasons, the Court DISMISSES this action.

BACKGROUND

The Complaint, devoid of any coherent allegations, appears to be somewhat duplicative of another action filed by Plaintiff – Civil No. 20-00565 JAO-KJM. Plaintiff references Acts 156 and 143 takes issue with annexation. Compl. at 1.

He also alleges that he was deprived of rights and has yet to be exonerated. *Id.* at 5.

## DISCUSSION

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that

averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  FRCP 8 does not demand detailed factual allegations.  However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate.  Plaintiff cites Act 156, which appears to be a reference to Hawai'i Revised Statutes ("HRS") Chapter 661B.  HRS § 661B-1 provides:

> (b) To present an actionable claim against the State for wrongful conviction and imprisonment, the petitioner shall allege that the petitioner was convicted of one or more crimes under the laws of the State, was subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence and either that:

> (1) The judgment of conviction was reversed or vacated because the petitioner was actually innocent of the crimes for which the petitioner was convicted, and the court decision so states; or
>
> (2) The petitioner was pardoned because the petitioner was actually innocent of the crimes for which the petitioner was convicted and the pardon so states.

Haw. Rev. Stat. § 661B-1.  Petitions under this chapter must be "filed in the circuit court of the circuit in which the petitioner lives, or if the petitioner lives outside the State, in the circuit court of the first circuit."  Haw. Rev. Stat. § 661B-2.  Moreover, "[t]he petitioner shall serve the petition upon the attorney general, and if the prosecuting authority was other than the attorney general, upon the prosecuting authority."  *Id.*  Based on the plain statutory authority arguably relied upon by Plaintiff, he does not satisfy the requisite elements, this court is the improper venue, and he has named improper Defendants.  Accordingly, to the extent Plaintiff asserts a claim pursuant to HRS Chapter 661B, it is DISMISSED without leave to amend.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (authorizing dismissal without leave to amend when it would be futile (citations omitted)).

    Plaintiff also cites Act 143.  In Civil No. 20-00565 JAO-KJM, Plaintiff referenced malicious prosecution in connection with Act 143.  He does not do so here so the Court declines to draw inferences from his other cases.  It is unclear

4

what authority Plaintiff relies on to assert a claim.  Nor has Plaintiff alleged how the named Defendants caused him harm.

Finally, Plaintiff alleges general deprivation of rights but does not cite law or facts that would support jurisdiction or a viable cause of action.  Insofar as his allegations in part mirror those in Civil No. 20-00565 JAO-KJM, the Court DISMISSES this action and directs Plaintiff to pursue any relevant claims in that action.  Given the dismissal of this action, the Court DENIES as moot Plaintiff's IFP Application.

## CONCLUSION

In accordance with the foregoing, Court DISMISSES this action and DENIES as moot Plaintiff's IFP Application.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, January 4, 2021.



Jill A. Otake
United States District Judge

Civil No. 20-00566 JAO-WRP; *Ah Puck v. Lahaina District Judges, et al.*; ORDER DISMISSING ACTION